[Cite as *Branham v. Ohio Dept. of Transp.*, 2011-Ohio-6927.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DION BRANHAM

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-04657-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Dion Branham, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that his vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Montgomery Road. In his complaint, plaintiff described the particular damage event noting that he hit a pothole "near the 7600 block of Montgomery Road." Plaintiff stated that "[t]here were actually two potholes as I missed one but hit the other one." Plaintiff recalled the incident occurred on March 1, 2011, and he incurred damage to his tire and rim. Plaintiff seeks recovery of damages for a replacement tire and vehicle repair costs. The filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant related that plaintiff's incident occurred "between mileposts 10.51 and 10.55 on US 22 in Hamilton County." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location. Defendant asserted that plaintiff did not offer any evidence to establish the length of

time the pothole existed prior to plaintiff's incident.

{¶3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 1, 2011. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway." Plaintiff did not file a response.

{¶4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the

accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on US 22 prior to March 1, 2011.

{¶7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.

{¶9} In another claim, 2011-06005-AD, plaintiff Zinnecker asserted he struck a pothole near 7604 Montgomery Road, on February 24, 2011, at approximately 9:00 p.m. Defendant located that incident at milepost 10.55 on US 22 in Hamilton County. In addition, plaintiff Patton filed a claim, 2011-03499-AD, contending that his vehicle was damaged on February 28, 2011, at approximately 4:30 p.m. Plaintiff located the pothole on SR 22 in Hamilton County in the northbound lane in front of 7604 Montgomery Road.

{¶10} The information in this claim does not indicate the direction plaintiff was traveling and insufficient evidence has been presented to establish that the defect plaintiff struck on March 1, 2011, is the same pothole referenced in the preceding two cases or that the pothole was present on the roadway from one to five days prior to plaintiff's damage event. Accordingly, the court is unable to determine whether

sufficient time elapsed from the time the pothole first appeared until plaintiff's incident to establish constructive notice to defendant. See *Pierson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-10048-AD, 2009-Ohio-2763.

{¶11} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DION BRANHAM

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-04657-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Dion Branham
6702 Hampton Drive
Cincinnati, Ohio 45236

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
8/15
Filed 8/23/11
Sent to S.C. reporter 1/19/12